IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| OSAGE EXPLORATION & DEVELOPMENT, INC., and U.S. ENERGY DEVELOPMENT CORPORATION, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. CIV-14-1319-C |
| STEPHENS ENERGY GROUP, LLC, | ) ) ) | |
| Defendant. | ) | |

MEMORANDUM OPINION AND ORDER

Now before the Court is Defendant's Motion for Judgment. (Dkt. No. 85.) Plaintiff U.S. Energy Development Corporation has responded and the Motion is now at issue. Jurisdiction recently returned to the Court after the Tenth Circuit reversed a previous Order granting summary judgment in favor of Plaintiffs and remanded the case for further proceedings. (Mandate, Dkt. No. 80.) The Tenth Circuit held that the non-party entity Slawson Exploration Company, Inc. ("Slawson") could lawfully assign its operator rights under the Participation and Operating Agreements to Defendant. Defendant argues the only action remaining for the Court is to enter final judgment in its favor granting operation of the oil and gas wells at issue. Plaintiffs argue another issue has not been addressed by either court: whether a valid and effective assignment of the operator rights from Slawson to Defendant ever occurred.

Plaintiffs state the Tenth Circuit did not decide this issue, either explicitly or implicitly, because the issue "was yet to be presented to, or decided by this Court." (Pls.' Resp. to Mot. for J., Dkt. No. 86, p. 6.) It is for this reason Plaintiffs must not be successful. Plaintiffs'

time to raise the issue of the assignment's validity has passed; it was forfeited when they made no arguments related to this issue during prior proceedings. Contrary to Plaintiffs' argument, simply pointing out that the assignment was accomplished through documents separate and distinct from the Participation and Operating Agreements is not sufficient to preserve the issue.

Therefore, by failing to raise the issue during the proceedings spanning 2014-2015, including cross-motions for summary judgment, the issue was waived for further adjudication. As the Tenth Circuit has stated in regard to a similar fact pattern:

> [Defendant] had the chance and incentive to present [the arguments] all at earlier stages in the proceedings; it has enjoyed vigorous representation by counsel throughout several years of proceedings; no one cites any new legal or factual developments that have intervened since the time of our last decision; and it would be unfair to [Plaintiff] and a waste of judicial resources for this court to entertain any further new arguments on old issues, like some sort of extended game of litigation whack-a-mole.

Entek GRB, LLC v. Stull Ranches, LLC, 840 F.3d 1239, 1242 (10th Cir. 2016). Plaintiffs will not be permitted to file for summary judgment on one issue and then have another opportunity to re-litigate based on any argument it so chooses.

## CONCLUSION

For the reasons stated, Defendant's Motion for Judgment (Dkt. No. 85) is GRANTED. A separate judgment shall issue.

IT IS SO ORDERED this 13th day of March, 2017.

ROBIN J. CAUTHRON
United States District Judge